IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN TYRONE DEMINGS,  　　　　　　　　　No. C 04-2635 SBA

　　　　Petitioner,

　v.　　　　　　　　　　　　　　　　　　　　**ORDER DENYING CERTIFICATE OF APPEALABILITY**

JAMES SCHOMIG, Warden,

　　　　Respondent.
　　　　　　　　　　　　　　　　　　　／

　　　　This matter comes before the Court on Petitioner Kevin Demings' application for a Certificate of Appealability (COA). [Docket No. 36]. Petitioner's request for a COA is DENIED.

## **BACKGROUND**

　　　　On June 7, 1999, after a jury trial, Petitioner was convicted of one count of kidnapping for robbery, one count of kidnapping for carjacking, one count of carjacking, two counts of robbery, and one count of false imprisonment by violence, along with a firearm enhancement and a prior strike conviction. Petitioner was sentenced to thirty-five years in state prison, followed by a consecutive term of life with the possibility of parole after fourteen years.

　　　　After unsuccessfully pursuing a direct appeal and state post-conviction remedies, on June 30, 2004, Petitioner filed a petition for habeas corpus in this Court. On October 6, 2006, this Court determined that Petitioner failed to establish a constitutional violation warranting habeas relief and denied the petition. [Docket No. 33]. Petitioner has filed a Notice of Appeal. [Docket No. 35].

## **LEGAL STANDARD**

　　　　Unless a circuit judge issues a certificate of appealability ("COA"), an appeal may not be taken to the court of appeals from the final order in a proceeding under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). When a petitioner files a notice of appeal from an order dismissing or denying a petition, the district judge who sentenced the petitioner must either issue a certificate of

appealability or state why a certificate should not issue. *See* Fed. R. App. P. 22(b)(1).

A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The certificate must indicate which issues satisfy this standard, *see* 28 U.S.C. § 2253(c)(3), and the Court of Appeals is limited to considering only those claims. *See Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

## DISCUSSION

Petitioner requests a COA on all five of the claims raised in his habeas petition. The Court will address each claim in turn.

**A.   Petitioner's Motion for Severance**

Petitioner argued that the state court violated his right to a fair trial by denying his motion for severance, forcing him to stand trial with a co-defendant whose defense was to admit his guilt and accuse Petitioner of being the lead actor. Petitioner made two constitutional claims resulting from the denial of his motion for severance. First, he alleged a violation of the Fifth Amendment due process right to a fair trial. *See Zafiro v. United States*, 506 U.S. 534 (1993). Second, he alleged a violation of his a Sixth Amendment right of confrontation. *See Bruton v. United States*, 391 U.S. 123 (1968). Proceeding under the standards set forth in AEDPA,[1] this Court determined that the trial court's discretionary decision on Petitioner's motion to sever did not violate Petitioner's constitutional rights. On Petitioner's Fifth Amendment claim, the trial court gave the jury proper limiting instructions and thus ameliorated any potential prejudice stemming from the co-defendants'

---

[1] Under AEDPA, a court may not grant federal habeas relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is contrary to clearly established federal precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *See Williams v. Taylor*, 529 U.S. 362, 413 (2000).

conflicting defenses.

Petitioner's Sixth Amendment claim of a *Bruton* violation was wholly without merit as the threshold showing of an actual extrajudicial confession or an inculpatory statements made by a co-defendant and entered into evidence against him at trial was not established.

The Court denied the habeas petition after careful consideration of the merits, and found no violation of Petitioner's federal constitutional rights in the underlying state court proceedings. Petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, issuance of a Certificate of Appealability is not warranted on either of Petitioner's constitutional claims arising from the trial court's denial of his motion for severance.

**B.     Evidentiary Ruling on Petitioner's Testimony**

Petitioner argued that the state court violated his Fifth Amendment right to a fair trial by admitting into evidence his own allegedly racially inflammatory testimony. This Court held that the trial court did not abuse its discretion in ruling that the evidence was more probative than prejudicial and therefore, admissible. Federal habeas review of admissibility of evidence is highly deferential. *See Marshall v. Lonberger*, 459 U.S. 422, 438 (1983). Petitioner failed to demonstrate that the admission of his own statements was so prejudicial that it rendered his trial fundamentally unfair and violated due process.

Therefore, reasonable jurists would not find this Court's assessment of Petitioner's constitutional claim debatable or wrong. A COA will not be granted on the issue of whether admission of racially inflammatory testimony violated the Fifth Amendment.

**C.     Field Show-up**

Petitioner argued that the state court violated his right to due process of law under the Fifth Amendment by admitting an allegedly suggestive field show-up. The show-up was conducted by the police on the side of the highway while Petitioner was handcuffed and surrounded by several police officers. This Court held that under the totality of the circumstances, the identification was sufficiently reliable to overcome the effects of any suggestiveness in the show-up procedure. All five of the factors enumerated in *Manson v. Brathwaite*, 432 U.S. 98, 104-107 (1977) weighed

heavily in favor of reliability.

Thus, Petitioner has not made a substantial showing of denial of a constitutional right. A COA shall not issue on the issue of the allegedly impermissible field show-up.

### D. Ineffective Assistance of Counsel

Petitioner argued in his habeas petition that he received ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 688 (1984). This Court held that Petitioner's counsel acted in accordance with the objective standard of reasonableness under the prevailing professional norms. The record is replete with examples of Petitioner's counsel making all reasonable trial objections, motions, and appeals. Petitioner offered only speculation and hypothesis in support of his claim of prejudice, and he failed to show any specific instance of his counsel's performance being ineffective.

Petitioner has not made a substantial showing of denial of a constitutional right that would warrant the issuance of a Certificate of Appealability on the issue of ineffective assistance of counsel.

### E. Cumulative Error

Petitioner argued that the cumulative effect of all the aforementioned errors deprived him of due process of law under the Fifth Amendment. This Court found that argument to be wholly without merit as there was no violation of Petitioner's constitutional rights by the state court.

Reasonable jurists would not find this Court's conclusion debatable or wrong. Accordingly, a COA will not issue on the issue of cumulative error.

### **CONCLUSION**

IT IS HEREBY ORDERED THAT Petitioner's request for a COA is DENIED. IT IS FURTHER ORDERED THAT the Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 11/3/06

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

4